IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACERRA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| LEHIGH COUNTY, ET AL | : | NO. 07-770 |
| | : | |
| | : | |

FILED

NOV 10 2011

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM ORDER

LINDA K CARACAPPA  NOVEMBER 10, 2011
UNITED STATES MAGISTRATE JUDGE

     Now pending before this court is a motion filed by plaintiff to enforce a settlement agreement entered into by and between all parties in August 2008. The motion is identified on the docket as Document No. 27, 'First Motion to Enforce Judgment filed by Phyllis A. Acerra'.

     As the court lacks jurisdiction in this matter, the motion is **DENIED**.

### 1. PROCEDURAL HISTORY.

     The undersigned facilitated and witnessed a comprehensive settlement in this matter on 8/12/2008. By the parties' agreement, on 8/14/2008, we issued an order dismissing the action with prejudice pursuant to Local Rule 41.1 (b), the parties having previously consented to exercise of jurisdiction by the magistrate judge in accordance with 28 USC 636.

     On that same date, the docket was marked 'Civil Case Terminated', and the case was closed for all purposes.

     Sometime in the Spring of 2009, the court was notified of a continuing dispute between plaintiff and her counsel in this matter. Although the case had been terminated on the docket and closed, nonetheless, the court held a mediation session on 4/24/2009. At the time of this mediation, counsel for plaintiff filed a 'Petition to Withdraw As Counsel.' Resolution of all outstanding issues was accomplished at the mediation session. Thereafter, on 5/1/2009, the court

denied the petition to withdraw denied as moot, and ordered the case to remain closed.

Two years later, on 4/30/2011, plaintiff filed the instant motion to enforce judgement. Defendants filed responses and memoranda of law in opposition to the motion.

## 2. DISCUSSION.

The disposition of this motion is governed by **Kokkonen v. Guardian Life Insurance Co.**, 511 U.S. 375 (1994).

When dismissal of a federal action is pursuant to a rule permitting dismissal, which does not by its terms empower the court to attach conditions to parties' stipulation of dismissal, district court is authorized to embody the settlement contract in its dismissal order, or,, retain jurisdiction over settlement contract, *if parties agree.*

Absent such action, however, enforcement of settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction. **Kokkonen v. Guardian Life Insurance Co.**, 511 U.S. 375 (1994).

District courts do not have inherent power to enforce terms of settlement agreements under the doctrine of ancillary jurisdiction. The facts underlying the dismissed federal claim and those underlying the claim for alleged breach of settlement agreement have nothing to do with each other.

The short of the matter is this: the motion involves a claim for breach of a settlement agreement, i.e., a contract. Part of the consideration for the agreement was dismissal of the federal suit. No federal statute makes that connection (and question whether it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of the settlement agreement are quite separate from the facts which involved the federal cause of action.

Automatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can do so. Here, the parties did not.

## 3. CONCLUSION.

As there is no continuing federal jurisdiction, the motion must be denied. An order follows: